UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>**EMANUEL GONZALEZ NIEVES**<br><br>XXX – XX – 7138<br><br>DEBTOR | CASE NO. 18-07215-BKT12<br><br>CHAPTER 12 |

**SUPPLEMENT TO AMENDED PLAN DATED JULY 1, 2019**

**TO THE HONORABLE COURT:**

**COMES NOW** the Debtor, EMANUEL GONZÁLEZ NIEVES, through the undersigned counsel and respectfully state and pray:

1. On December 11, 2018 the Debtor filed the above numbered Chapter 12 Bankruptcy Petition.

2. The Debtor filed an Amended Chapter 12 Plan Dated July 1, 2019 on said date (Docket No. 62). The Amended Plan filed on July 1, 2019 was objected by secured creditor, Banco Popular de Puerto Rico ("BPPR") on July 30, 2019 (Docket No. 67).

3. On the Confirmation Hearing held on August 21, 2019 the parties reached an agreement as to the value a repayment of BPPR's claims. The parties requested the Court an extension of time to file a Stipulation and that a Supplement to the Amended Plan Dated July 1, 2019 would be filed.

4. The Debtor and BPPR filed a Stipulation for the repayment of BPPR's claim on September 5, 2019 at Docket No. 74.

5. Accordingly the Debtor hereby files the Supplement to incorporate the treatment to BPPR to the Amended Plan Dated July 1, 2019 and to clarify the payment that the Chapter 12 Trustee will administrate monthly.

6. The only class whose treatment is modified by this supplement is **CLASS 3, BANCO POPULAR DE PUERTO RICO** and said treatment is modified as per the Stipulation filed at Docket No. 74 which is transcribed (copied) herein:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| In Re: | |
|---|---|
| EMMANUEL GONZALEZ NIEVES | Case No. 18-07215 - BKT |
| Debtor | Chapter 12 |

**JOINT STIPULATION REGARDING TREATMENT OF BPPR'S SECURED CLAIM UNDER DEBTOR'S CHAPTER 12 PLAN**

**TO THE HONORABLE COURT:**

NOW COME, Emmanuel Gonzalez Nieves ("Debtor") and Banco Popular of Puerto Rico ("BPPR"), by their undersigned counsel, and respectfully requests as follows:

1. On December 11, 2018 Debtor filed his voluntary petition under Chapter 12 of the Bankruptcy Code. See Docket 1.

2. Banco Popular de Puerto Rico filed a secured claim in the amount of $882,948.15. The entire amount is due as Debtor has signed a consent judgment, which he has failed to comply with. See Proof of Claim 7.

3. Banco Popular has secured lien over 10,000 liters of Debtor's milk quota. Banco Popular also has a first mortgage lien in the amount of $30,000.00 over Debtor's Property Number 8979 located in Quebradillas; a first mortgage lien in the amount of $87,000.00 over Debtor's Property #10588 located in Quebradillas and a first and second lien in the amount of $207,600.00 and $76,000.00 over Debtor's property #3566 also located in Quebradillas. See Proof of Claim 7.

4. On July 1, 2019, Debtor filed an Amended Chapter 12 Plan. *See Docket 62.*

Joint Motion
Case no. 15-05744 (BKT)
Page -2-

5. BPPR was not in agreement with the treatment given to its claim under said Plan and the Parties have since arrived at an agreement for the treatment of BPPR's claim under Debtor's Chapter 12 Plan of Reorganization.

6. The Debtor accepts and acknowledges that Debtor's obligation to BPPR is approximately in the amount of $882,948.15 and that it is collateralized by security interests over the accounts receivables of debtor's milk production produced bi-weekly and over personal property consisting of 10,000 quarts of milk quota with a value of $135,000, as well as three first mortgage liens over Debtor's real properties, the property of 13.53 cuerdas valued at $140,000.00, the property of 12 cuerdas valued at $50,000.00 and property of 900 square meters valued at $12,000.00.

7. The Debtor shall amend their Chapter 12 Plan in which Banco Popular is designated as Class 3, under the amended Plan Debtor proposes a debt balance restructuring, in which he will pay BPPR the secured amount of $337,000.00. The remaining amount of the claim $545,948.15 shall be treated under the Chapter 12 Plan as unsecured debt and paid by the Chapter 12 Trustee.

8. For the first fifty-eight (58) months the payments to be received by BPPR will be on the basis of consecutive monthly installments providing for the payment of $337,000.00 plus interest computed at a fixed 4.25%, on an amortization computed over fifteen (15) years. The monthly payment shall be $1,600.00.

9. The first payment under this Agreement shall be made the month after the Chapter 12 Plan is approved.

10. On month 58, Debtor shall pay a lump sum of the remaining amounts in the amount of approximately $ 311,981.62, either by selling his operation or refinancing his debt with another institution.

Joint Motion
Case no. 15-05744 (BKT)
Page -3-

11. In addition, the Chapter 12 Plan's treatment of Class 3 shall include the following terms and conditions:

a. During the term of the restructuring and upon signing this agreement, BPPR shall receive payments directly from Suiza Dairy, Inc., in accordance with an assignment of the proceeds of milk production in the amounts set forth.

b. If at any moment during the payment of the restructured loan, Debtors' results of operations exceed projections, Debtors will pay 50% of the net received above projections to Banco Popular. The payment of 50% of the net received above projections will be applied to the principal of the loan.

c. Banco Popular may take any action necessary during the term of the Plan in order to maintain as valid its existing, perfected security interests over real and personal property of the Debtors, and the loan documents. The Plan as composed extends these loans through August 2023. Therefore, the Debtors will provide their consent and cooperation as to any request by Banco Popular to maintain as valid its loan documents and its existing perfected security interests over Debtors' real and personal property of the existing loan. Except as set forth herein, Banco Popular will retain unaltered the legal and contractual rights over the property serving as collateral until full payment of the secured amount as detailed in the plan. In case of any default under the Chapter 12 plan leading to the dismissal of the case, the restructuring of the loan obligations as expressed herein shall be of no force and effect. In that event, the original terms of the loan obligations shall prevail. Upon any failure of Debtors to abide by the terms herein stipulated occurring after September 2020, shall cause the terms herein expressed to be of no force and effect.

Joint Motion
Case no. 15-05744 (BKT)
Page -4-

  d. Upon request by Banco Popular, Debtors will provide the Bank true and exact copies of any statements or liquidation of its milk production including but not limited to any statement furnished by the processing plan until full payment of the secured amount as detailed in the plan.

  e. During the bankruptcy Debtor will timely file the monthly operating reports. During and after the bankruptcy Debtor will submit any and all financial information requested by the Bank with a term of twenty (20) days from the date of the request.

  f. Debtor shall submit the annual financial report to BPPR on the 30th day of March of each year.

  g. Debtor will cooperate with the Bank and any person hired by the Bank whenever the Bank needs to inspect and/or appraise the properties.

  h. Debtor shall pay all insurance and property taxes on the property. Debtor shall provide BPPR with evidence of such payments within twenty (20) days of making such payments. Failure to make such payments shall be considered an event of default and shall cause the automatic stay to be lifted immediately without BPPR having to seek an order for the Bankruptcy Court.

  12. This Stipulation shall be adopted by Debtor's Chapter 12 Plan and shall constitute the treatment for BPPR's claims request.

  13. This agreement shall be terminated by BPPR if Debtors fail to make a payment or the final lump sum payment. The automatic stay shall be lifted upon failure to make the payment, with no need for BPPR to seek further an order from the Bankruptcy Court.

Joint Motion
Case no. 15-05744 (BKT)
Page -5-

14. This Stipulation shall bind the parties and their respective successors, privies and assignees. This agreement does not in any way release or affect the obligation for parties who may be liable with debtor on this claim.

WHEREFORE, Debtors and Banco Popular pray the Court approve their stipulation as related to BPPR's claim.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, on September 5, 2019.

CERTIFICATE OF SERVICE: We hereby certify that on this same date we have filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification to the CM/ECF participants.

## NOTICE

**21-DAY NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST:** YOU ARE HEREBY NOTIFIED THAT YOU HAVE TWENTY-ONE (21) DAYS FROM THE DATE OF THIS NOTICE TO FILE AN OPPOSITION TO THE FOREGOING MOTION AND TO REQUEST A HEARING. IF NO OPPOSITION IS FILED WITHIN THE PRESCRIBED PERIOD OF TIME, THE MOTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED WITHOUT FURTHER HEARING UNLESS (1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INEREST OF JUSTICE REQUIRES OTHERWISE. IF A TIMELY OPPOSITION IS FILED, THE COURT WILL SCHEDULE A HEARING AS A CONTESTED MATTER.

Joint Motion
Case no. 15-05744 (BKT)
Page -6-

/s/HOMEL MERCADO JUSTINIANO
USDC- PR - 229705
Calle Malaga 75
Urb Sultana
Mayagüez, PR 00680-4714
Telephone: (787) 364-3188
Fax: (787) 805- 7350
Email: hmjlaw2@gmail.com

/s/DAGMAR FERNANDEZ, ESQ.
Legal counsel for Banco Popular de Puerto Rico
USDC No. 223707
P.O. Box 8526
San Juan, Puerto Rico 00910-8526
Phone: 787/444-7703
Fax: 787/289-0567
Email: df-law@outlook.com

7. The treatment to the other classes will remain as stated in the Amended Plan Dated July 1, 2019 (Docket No. 62). The liquidation analysis, the Treatment to Class 4 Fondo de Innovación Para el Desarrollo Agrícola de Puerto Rico (FIDA); Class 5 Federación de Asociaciones Pecuarias ("Federación"); Class 6 General Unsecured Creditors

8. The Table of Unsecured Creditors in Class 6 will be modified as per the agreement with BPPR as follows:

| Creditor | Claimed/Listed | Amount |
|---|---|---|
| BPPR | Deficiency Claim 7 | $545,948.15 |
| FIDA | Deficiency Claim 10 | $101,152.60 |
| Federacion Asoc. Pecuarias | Deficiency Claim 2 | $14,014.47 |
| IRS | Unsecured Portion of Claim 1 | $13,215.42 |
| Coop A/C San Rafael | Claim 3 | $3,204.21 |
| Coop A/C San Rafae1 | Claim 4 | $15,066.21 |
| States Ins Fund | Claim 6 | $99.00 |
| PYOD LLC | Claim 8 | $399.21 |
| PR Dept Of Labor | Claim 9 | $2,671.80 |
| TOTAL | | $695,771.07 |

9. The payment to the Unsecured Creditor's Class of the Amended Plan Dated July 1, 2019 was *"These creditors will receive a total amount of principal of $42,301.00 plus interest at a 4% interest rate The General Unsecured Creditors will be paid the equivalent of the Liquidation Value up to $42,301.00";* Said treatment if modified as follows*: "These creditors will receive a total amount of principal of $42,301.00 plus interest at a 4% interest rate The General Unsecured Creditors will be paid the equivalent of the Liquidation Value up to $50,000 is the*

*Trustee has more funds to disburse due to the proposed base of this Amended Chapter 12 Plan as Supplemented herein".*

10. Since the total amount of creditors participating in the Class is reduced from $782,646.07 to $695,771.07 then the creditors will receive a higher percentage, from 5.40% of their claims to 6.1%.

11. The remaining treatments to all classes will remain as specified in the Amended Plan Dated July 1, 2019 9(Docket No. 62).

12. Since the payment to secured creditor BPPR is to be made directly by the Debtor the payment schedule/table is modified as follows:

### SUMMARY OF PAYMENTS UNDER THE PLAN

| CREDITOR | MONTHLY PAYMENT MONTHS 1 – 60 | TOTAL PAID DURING LIFE OF THE PLAN |
|---|---|---|
| BPPR | $1,600 monthly x 58 months made directly by the Debtor by direct debits ("Cesion de pagos") from milk sales to Suiza Dairy Corp. or Vaquería Tres Monjitas Inc. | |
| FIDA | $325.00 X 60 months = $19,500.00 | $19,500.00 |
| UNSECURED CREDITORS | These creditors will receive a total amount of principal of $42,301.00 plus the amount of $3,000 in interest. The General Unsecured Creditors will be paid the equivalent of the Liquidation Analysis up to $45,301.00 These creditors will receive a "Pro Rata" distribution as per Liquidation Value and they will be paid after the Chapter 12 Trustee has paid all priority creditors. | $45,301.00 |
| PRIORITY CREDITORS | IRS - $12,368.23 (Claim No. 1) + $1,500 interest = $13,868.23 | $13,868.23 |
| ESTIMATED PROFESSIONAL FEES | | $15,000 |
| TOTAL PAYMENT WITHOUT TRUSTEES FEES | | $99,669.23 |
| ESTIMATED TRUSTEES FEES | | $10,000.00 |
| TOTAL AMOUNT NEEDED | | $109,669.23 |

| | | |
|---|---|---|
| ACTUAL PAYMENT THAT WILL BE MADE THROUGH CHAPTER 12 TRUSTEE.<br><br>(payments are computed to be paid in months, but the Debtors will make weekly payments because milk production is paid in bi-weekly payments) | $385.00 weekly x 208 weeks (4years) = $80,080<br>$450.00 weekly x 52 weeks (1 year) = $23,400<br>$6,520 to be paid from incentives before the month numbered 60 or to be paid with the refinance of BPPR's debt to be done on or before month 58.<br>Total = $110,000.00 | $110,000.00 |

13. The Special Provisions section of the Amended Plan is modified as follows to include the payments to be made to BPPR directly and to the Chapter 12 Trustee directly:

SPECIAL PROVISIONS:

In order to facilitate the implementation of this Chapter 12 Plan, Debtor hereby agrees and authorizes that, from the net proceeds of the periodic milk liquidations between Debtor and the processing plant to which Debtor delivers its milk production, the processing plant, SUIZA DAIRY, CORP. ("Suiza") deducts from said net proceeds the amount of

- $385.00 weekly x 208 weeks (4years) = $80,080.00; after this the payment will increase to :
- $450.00 weekly x 52 weeks (1 year) = $23,400

These payments will be delivered to JOSE CARRIÓN (Chapter 12 Trustee), provided that the net proceeds of said liquidations reach said amount after making the deductions indicated above and any other provided for by any applicable law or made in the regular course of business of the processing plant, or as otherwise indicated herein.

These funds, together with any other funds provided by Debtor to the Chapter 12 Trustee, if any, as per the terms of the confirmed Chapter 12 Plan, will be distributed by the Trustee in accordance with the terms of the confirmed Chapter 12 plan.

The processing plant will also make the corresponding withholdings and the following payments:

1. PAYMENT TO BE MADE DIRECTLY TO BANCO POPULAR DE PUERTO RICO ("BPPR") in the amount of $800.00 bi weekly for a total of $1,600 monthly. This is the payment of the Stipulation at Docket No. 74.

The processing plant will make all the above withholdings from Debtor on a bi-weekly basis, as is the standard operating procedure.

As part of this Chapter 12 Plan, Debtor requests from the processing plant that all said monthly payments be processed by the processing plant within ten (10) working days after the end of each and every consecutive calendar month, commencing on the calendar month following the Effective Date of the Chapter 12 Plan.

It is understood that all amounts agreed to be deducted from Debtor and disbursed by the processing plant as herein indicated are subject to the essential condition that the net proceeds of the milk liquidations be sufficient to cover the same after making such deductions provided by law and those expenses, costs and/or advances made and/or charged to Debtor by SUIZA DAIRY CORP, which will have priority over all other assignments of funds and/or requests for payments to third parties.

Once the Chapter 12 plan is confirmed by an order entered by the Bankruptcy Court that becomes final and unappealable, Debtor will give prompt written notice to the processing plant of the exact Effective Date as well as of any further change that may affect this procedure, including, but not limited to, (a) amendments to the Chapter 12 plan approved by the Court (b) the dismissal of the case (c) the conversion of this case to one under any other Chapter of the Bankruptcy Code and/or (d) the termination of Debtor's obligation to make payments to the Chapter 12 Trustee, to the Bank, or to any other party as provided for in the Chapter 12 Plan, or as directed by the Court.

Any assignments of funds to third parties to be deducted from Debtors' milk liquidations and paid through the processing plant, whether executed prior to the filing of the petition or afterwards, whether made under the provisions of the Civil Code of Puerto Rico or as mere requests for payments, are hereby cancelled and left without effect, unless and except as otherwise indicated below:

1.none

This Special Provisions Section constitutes an essential part of the Chapter 12 Plan. Should there be any discrepancy between the contents of this Special Provisions Section and the rest of the Chapter 12 Plan, the contents of this Section will prevail.

14. The Debtor requests that this Honorable Court takes notice of this Supplement to the Amended Plan Dated July 1, 2019 and that the same be approved/confirmed accordingly.

**WHEREFORE**, the Debtor requests that this Honorable Court Confirms the Amended Plan Dated July 1, 2019 and filed at Docket No. 62 as supplemented by this *"Supplement to Amended Plan Dated July 1, 2019",* with any other order this Court deems proper.

**NOTICE TO CREDITORS AND PARTS IN INTEREST**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is

against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

Notice of this MOTION has been electronically provided by the CM/ECF system to: the **Chapter 12 Trustee** for the District of Puerto Rico and to all attorneys that have filed a notice of appearance, and to first class mail to non CM/ECF participants as per attached master address list.

**RESPECTFULLY SUBMITTED.**

In Mayaguez, Puerto Rico, this September 8, 2019

Attorney for Debtor
/s/HOMEL MERCADO JUSTINIANO
USDC- PR - 229705
Calle Ramírez Silva # 8
Ensanche Martínez
Mayagüez, PR 00680-4714
Telephone: (787) 831 – 2577/ 805 – 2945
Fax: (787) 805- 7350
Cellphone: (787) 364 - 3188
Email: hmjlaw2@gmail.com