IN THE UNITED STATES BAKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.: 18-07215 (BKT) |
| EMANUEL GONZALEZ NIEVES | CHAPTER 12 |
| Debtor | |

**WRIT OF CANCELLATION OF LIENS AND TRANSFER OF TITLE**

THE PRESIDENT OF THE UNITED STATES OF AMERICA   )
THE UNITED STATES OF AMERICA                    )
THE COMMONWEALTH OF PUERTO RICO                 )

TO: **THE HONORABLE EXECUTIVE DIRECTOR OF THE MUNICIPAL REVENUE COLLECTION CENTER, THE HONORABLE SECRETARY OF THE PUERTO RICO TREASURY DEPARTMENT, THE HONORABLE COMMISSIONER OF THE INTERNAL REVENUE SERVICES, THE EXECUTIVE DIRECTOR OF THE OFFICE OF NOTARIAL INSPECTIONS OF PUERTO RICO AND THE HONORABLE PROPERTY REGISTRAR OF ARECIBO OF THE PUERTO RICO PROPERTY REGISTRY**

WHEREAS the Honorable U.S. Bankruptcy Judge, Brian K. Tester, has issued an Order in this case dated _____, 2020, which literally reads as follows:

"**ORDER**

On September 4, 2020 Emanuel Gonzalez Nieves, and Fondo de Innovación para el Desarrollo Agricola de Puerto Rico (FIDA) filed a joint *Motion Requesting Entry of Order to Transfer Property,* (Docket 104).

As part of this transfer, Debtor will transfer to FIDA title of the Property describe below, free and clear of all liens and encumbrances. The liens, leases and/or encumbrances encumbering the Property are to be completely, or caused to be cancelled pursuant to the provisions of Sections 363 of the Bankruptcy Code and in accordance with the terms of this Order. The transfer of the title of the Property from their corresponding owners of record to FIDA, will be a legal, valid, and effective transfer of the Property under section 363 of the Bankruptcy Code, free and clear of liens, including, but not limited to, (a) those that arise from mortgages or other similar liens on the Property, (b) those that purport to give to any party a right or option to effect any forfeiture,

modification, right of first refusal, or termination of the Debtor' or any other party's interest in the Property, or any similar rights, and (c) those relating to any and all taxes including, but not limited to, property taxes arising under or out of, in connection with, or in any way relating to the Property prior to the date of the transfer.

Notice of the Motion Requesting Entry of Order to Transfer Property was provided by the movants to all creditors and parties in interest including: (i) all entities, parties, or persons that, or that are known to, hold or have asserted any lien, claim, action, mortgage, attachment, encumbrance or interest in or upon or related to the Property or against the Debtor and/or its estate (collectively, the "Interests"); (ii) all federal, state and local regulatory or taxing authorities or recording offices which have reasonably known interest; (iii) all parties to any and all contracts, if any, with the Debtor, and (iv) all creditors of this estate listed in the creditor matrix. As evidenced by the record of this case, the same was good, sufficient and appropriate.

Accordingly, all persons and entities, including, but not limited to, all debt security holders, governmental tax, and regulatory authorities, lenders, landlords, lessors, trade and other creditors including vendors and suppliers and any other third parties holding Interests of any kind or nature whatsoever against the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Property, the operation of the Debtor' business prior or construction, development or planning of the Property prior to the date of the transfer of the Property to FIDA, hereby are forever barred, estopped, and permanently enjoined from asserting against FIDA or each of their respective successors, assigns, and transferees, their respective property, or the Property, such persons' or entities' Interest or claims.

All persons holding Interests against the Property of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Interests of any kind or nature whatsoever against FIDA, their respective property, their respective successors, assigns and transferees with respect to any Interest of any kind or nature whatsoever such person or entity had, has or may have against, their estates, officers, directors, shareholders, or the Property. FIDA will acquire the Property pursuant to this Order in good faith within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all of the protections in accordance therewith. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the transfer shall not affect the validity of the transfer, unless such authorization is duly stayed pending such appeal.

This Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6006(d), 7062 or otherwise.

The Court shall retain exclusive jurisdiction to interpret, construe and enforce the provisions in this Order, claims relating to the Property in all respects and, further, to hear and determine any and all disputes or claims arising under or related to the sale and transfer of the Property.

The Property is described in the Spanish language, in the corresponding Section of the Property Registry as follows:

> Rústica: BARRIO GUAJATACA de Quebradillas. Solar: Cabida: 1,905,384 Metros Cuadrados. Linderos: Norte, con camino vecinal. Sur, con Uranio Nieves. Este, con Juan Hernández. Oeste, con Cleofe Acevedo. Enclavada una casa de concreto de dos plantas dedicadas a vivienda.
>
> The property is recorded in the Registry at Page 216 of Volume 103 of Quebradillas, Property Number 5301, Second Section of Arecibo, Registry of the Property of Puerto Rico.

Upon consideration of the Sale Motion, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Sale Motion is granted and approved in all respects.

2. All objections, if any, to the entry of this Sale Order are overruled to the extent not otherwise withdrawn.

3. Pursuant to Sections 105 and 363 of the Bankruptcy Code, the transfer, conveyance and assignment of the Property to FIDA is approved, and the Debtor is authorized and ordered to, at the Closing Date, execute any and all documents, instruments and papers and to take all actions necessary and appropriate to effectuate, implement and consummate the transfer to FIDA or its designees of the Property.

4. Without limiting the foregoing, the Debtor and FIDA are authorized and required to, at the Closing Date, execute any and all documents to deliver, close, transition and consummate the Sale of the Property to FIDA or its designees (collectively, the "Closing Documents").

5. All persons and entities, including, but not limited to, all debt security holders, governmental, tax, and regulatory authorities, lenders, landlords, lessors, trade and other creditors and any other third parties holding interests of any kind or nature whatsoever against or in the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Property prior to the Closing Date, or the transfer of the Property to FIDA, are hereby are forever barred, estopped, and permanently enjoined from asserting against FIDA and/or each of their respective successors, assigns, and transferees, their respective property, or the Property, such persons' or entities' interests or claims.

6. The transfer of the Property to FIDA constitutes a legal, valid, and effective transfer of the Property, and shall vest FIDA with all right, title, and interest of the Debtor in and to the Property free and clear of all interests of any kind or nature whatsoever and whether known or unknown.

7. The Sale, pursuant to this Sale Order, and the terms of the all documents to be executed based on the terms and conditions approved herein shall be binding upon the Debtor, all current and former creditors, lessors and parties in interest in this case, all persons having or asserting a

claim against, or an interest in, the Debtor or the Property, and all parties, persons or entities that directly or indirectly contest the power or authority of the Debtor to sell, assign, transfer and convey the Property or that seek to enjoin any such sale, assignment, transfer or conveyance and each of their respective successors and assigns.

8. The Debtor is hereby authorized and ordered to execute all of the Closing Documents on the Closing Date.

9. Neither FIDA nor any respective designee, assignee or transferee (as a successor entity, successor employer or otherwise) has acquired, and such entities will not acquire or assume, or be deemed to have acquired or assumed, any obligations or liabilities of the Debtor, asserted or unasserted, known or unknown, and all persons and/or entities are hereby permanently enjoined and restrained from asserting or prosecuting any claim against FIDA or their respective affiliates or designees or agents, to recover on any such claim such person has or may have against the Property, relating to the ownership, use and/or operation of the Property, including, without limitation, any present of future right of ownership, option, first refusal or right of set-off or recoupment.

10. FIDA will acquire the Property pursuant to this Sale Order in good faith within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all of the protections in accordance therewith. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization is duly stayed pending such appeal.

11. The Sale: (i) is fair and reasonable, (ii) may not be avoided under section 363(n) of the Bankruptcy Code or other applicable law and (iii) shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act and any similar laws of the Commonwealth of Puerto Rico and any state whose law is applicable to the Sale.

12. This Sale Order and the documents executed in accordance herewith shall be binding upon any successors and assigns of the Debtor.

13. Any and all claims, interests (including possession), liens, and encumbrances pursuant to 11 U.S.C. §§ 363(f) and (k) and P.R. Civ. Code Art. 1461 that may have been assessed and/or registered at the CRIM, the Puerto Rico Treasury Department ("Treasury"), and the Puerto Rico Property Registry ("Property Registry") over the Property shall be cancelled.

14. The Executive Director of the Municipal Revenue Collection Center shall perform all operations necessary in the systems and records of the CRIM to cancel, eliminate and/or extinguish any and all real property taxes that appear as liens, claims, interests or encumbrances over the Property.

15. The Secretary of the Puerto Rico Treasury Department shall perform all operations necessary in the systems and records of Treasury to cancel, eliminate and/or extinguish any and all real property taxes that appear as liens, claims, interests or encumbrances over the Property.

16. The Puerto Rico Property Registrar shall perform all registrations and operations necessary in its systems and records of the PR Property Registry to cancel, eliminate and/or extinguish any and all claims, interests or encumbrances over the Property.

17. A Writ of Cancellation of Liens shall be issued by the Clerk of this Court, whereby the Executive Director of the CRIM, the Secretary of the Puerto Rico Treasury Department, and/or the Puerto Rico Property Registrar shall be instructed to cancel any liens, claims, interests or encumbrances assessed over the Property.

18. Each and every Commonwealth of Puerto Rico governmental agency or department and state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transfer of title of the Property to FIDA free and clear of any and all Interests, including the registration of FIDA as owner of any real estate acquired from the Debtor.

19. All entities which are presently, or on the Closing Date may be, in possession of some or all of the Property are hereby directed to surrender possession of the Property to FIDA on the Closing Date.

20. The Court shall retain exclusive jurisdiction to interpret, construe and enforce the provisions in this Sale Order in all respects and, further, (i) to hear and determine any and all disputes or claims arising under or related to the sale and transfer of Property or the FIDA and the Debtor's involvement, negotiation, or participation under any of the Closing Documents; (ii) to adjudicate disputes related to this Sale Order or the rights and duties provided hereunder or thereunder or any issues relating to this Sale Order including, but not limited to, the interpretation of the terms, conditions, and provisions hereof and thereof; (iii) to hear and determine any and all issues and disputes arising in connection with the relief authorized herein; and (iii) to enforce the injunctions set forth herein.

21. The authorizing notary shall be exempt from cancellation of any and all stamp tax, internal revenue and legal aid stamps, or similar taxes for the transactions set forth at length herein in the original deeds of transfer and cancellation of mortgages, pursuant to 11 U.S.C. § 1146(a).

22. Any person or entity occupying the Property upon the transfer of the same to FIDA is hereby and forthwith ordered, directed and commanded to immediately vacate the Property and deliver to FIDA the possession, keys and any other access to the Property.

23. Nothing contained in any subsequent order of this Court or any court of competent jurisdiction in this bankruptcy case or any Chapter 11 plan confirmed in the Debtor' bankruptcy case or any order confirming any such plan shall nullify, alter, conflict with or in any manner derogate from the provisions of this Sale Order, and the provisions of this Sale Order shall survive and remain in full force and effect. This Sale Order will supersede any other document or Order which related to the disposition of the Property.

Dated: _____

                                                                       Brian K. Tester
UNITED STATES BANKRUPTCY JUDGE

THEREFORE, you (as, either Registrar of the Property Registry of Arecibo, the Executive Director of the Municipal Revenue Collection Center, the Secretary of the Puerto Rico Treasury Department, the Executive Director of the Office of Notarial Inspections of Puerto Rico, the Commissioner of the Internal Revenue Service or other authority (as applicable)), are hereby ordered to:

    1. Cancel, eliminate and/or extinguish any and the liens, claims, interests or encumbrances over the Property, that exist as of the date of issuance of this Order, as well as any other lien that may appear of record at the time of recordation of FIDA's title, which cancellation shall be expressly sought at FIDA's sole request without the need to file any additional documents or execute a public instrument;

    2. Effectuate the operations necessary to record the transfer of the title of the Property from their corresponding owners of record in favor of FIDA in the books and records of the Property Registry and in the systems of CRIM and Treasury, respectively.

    IN TESTIMONY OF WHICH, I issue the present writ under my signature and seal of the Court.

    In San Juan, Puerto Rico, on this _____ day of _____, 2020.

                                                MARIA DE LOS ANGELES GONZALEZ
CLERK OF THE U.S. BANKRUPTCY COURT