## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| In re Emanuel González Nieves | Case No. 18-07215 (EAG12) |
|---|---|
| Debtor | Chapter 12 |

### SECURED CREDITOR BANCO POPULAR DE PUERTO RICO-SPECIAL LOAN'S JOINDER OF U.S. TRUSTEE'S MOTION TO DISMISS DEBTOR'S <u>THIRD</u> SERIAL BANKRUPTCY PETITION (DOCKET # 128)

**To the Honorable Edward A. Godoy:**

Comes now secured creditor Banco Popular de Puerto Rico-Special Loans (from hereinafter "Popular") and, pursuant to §1208(c)(6) of the Bankruptcy Code, joins the U.S. Trustee's motion to dismiss and also requests a 1-year refiling bar. In support thereof, Popular very respectfully states and prays as follows:

### Preliminary Statement

During the last 12 years, Emanuel González-Nieves has filed 3 serial bankruptcy petitions.[1] The first 2 were dismissed for failure to make the requisite payments under the confirmed plans.[2] And in this third one, Debtor has also materially defaulted with several of the confirmed Plan's provisions.

Indeed, since May, 2022, González-Nieves has not tendered, for the second time, any payments to the U.S. Trustee to distribute to creditors. In April, 2022,  he paid $ 400.00 less than the required monthly installment amount to Popular. And no May, June, or July, 2022 installment payments were ever received.

---

[1] See *In re Emanuel González-Nieves*, 10-bk-06411 (BKT12); 14-bk-02767 (BKT12); and 18-bk-07215 (EAG12).

[2] *Id.*, 10-bk-06411 (BKT12), Dockets 64 and 66; and 14-bk-02767 (BKT12),  Dockets 77 and 81.

Motion to Dismiss
18-bk-07215 (EAG12)

During the last 4 years, Debtor has only filed 4 out of the 43 monthly operating reports required by the confirmed Plan. And has not submitted the annual financial reports to Popular.

In light of these material defaults with the confirmed Plan, this third serial case should be dismissed with a one-year refiling bar.

## I. Debtor's failure to make payments and to submit the reports required by the confirmed Plan warrant dismissing his third serial voluntary petition with a one-year refiling bar

### a. Since May, 2022, González-Nieves has failed to tender any payments to the U.S. Trustee for creditor distribution as required by the confirmed Plan.

A party in interest, such as the U.S. Trustee or a creditor,[3] may move to dismiss a Chapter 12 case due to debtor's material default with a confirmed plan's provision:

> (c) on request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including—
> …
> (6) material default by the debtor with respect to a term of a confirmed plan.[4]

Failure to make the confirmed plan payments amounts to the requisite cause for dismissal:

> A *failure to make a payment required under the plan* is a material default and *is cause for dismissal.* See 11 U.S.C.§1208(c)(6).[5]

---

[3] 8 *Collier on Bankruptcy* ¶1208.03 (16th, 2022) ("[a]ny party in interest may request dismissal [under §1208(c)], including the debtor, a creditor, the trustee or the United States trustee."). See also 11 U.S.C.A. § §307.

[4] 11 U.S.C.A. § 1208(c)(6). See also Hon. Joan N. Feeney, Hon. Michael G. Williamson, and Michael J. Stepan, *Bankruptcy Law Manual*, 5th Ed., Vol. 2, §1210, p. 1006 (Thomson Reuters, 2020-1).

[5] *Grooms v. W/C Millings, Co. (In re Grooms)*, 64 Fed.Appx 922, 923 (6th Cir. 2003)(Emphasis supplied). See also *Day v. Stearns*, 2013 U.S.Dist.Lexis 150452 (E.D.N.C., S.D., October `18, 2013); *In re Fenning*, 174 B.R. 475, 479 (Bankr.N.D. Ohio 1994).

Motion to Dismiss
18-bk-07215 (EAG12)

González-Nieves' confirmed Plan provided for certain payments to be made to creditors.[6] Nevertheless, the U.S. Trustee has not received a single payment to distribute for May, June, and July, 2022. This material breach, in and of itself, amounts to the requisite cause to dismiss this case[7] — which is the second[8] motion to dismiss filed under §1208(c)(6) for this exact same reason.[9]

Accordingly, Popular joins the U.S. Trustee's motion to dismiss.

**b. Debtor has also failed to tender full payments to Popular, and has not fulfilled his monthly and annual reporting duties required by the confirmed Plan—which further buttresses dismissal with a one-year refiling bar**

**b.1 Failure to make the requisite monthly installment payments directly to Popular**

On September 5, 2019, Gonzalez-Nieves reached a stipulation regarding Popular's secured claim's treatment. Commencing one month after plan confirmation, Popular will receive monthly installment payments of $1,600.00 during the next 58 consecutive months:

8.      For the first fifty-eight (58) months the payments *to be received by BPPR* will be on the basis of *consecutive monthly installments* providing for the payment of $337,000.00 plus interest computed at a fixed 4.25%, on an amortization computed over fifteen (15) years. *The monthly payment shall be $1,600.00.*

9.      The first payment under this Agreement shall be made the month after the Chapter 12 Plan is approved.[10]

---

[6] Dockets 62, 79, and 81.

[7] Docket 128, ¶ 3.

[8] Docket 114. This dispositive motion is also predicated upon Debtor's failure to tender payments to the U.S. Trustee for distribution.

[9] Docket 128.

[10] Docket 74, ¶¶ 8-9 (emphasis supplied).

Motion to Dismiss
18-bk-07215 (EAG12)

But in April, 2-22, Popular received $400.00 less than the agreed-upon monthly amount.[11] And in May, June and July, 2022, no installment payment whatsoever was made to Popular.[12] These material breaches triggered the termination of the Stipulation Agreement, thus warranting dismissal.

### b. The required monthly and annual reports were not tendered

Debtor's failure to timely file monthly operating reports with the Bankruptcy Court also amounts to the requisite cause to dismiss a Chapter 12 case:

> Second, *dismissal is warranted* under §1208(c)(1) based on *Debtor's failure to file monthly operating reports*. Against, Debtor's case has been *pending more than eighteen months*. In that time, Debtor has *filed three monthly operating reports*, a staggering lack of disclosure. It is impossible for the Chapter 12 Trustee or any other creditors to monitor this case or the use of the estate assets without access to basic details found in the monthly operating reports. There are burdens that come with the benefit of the protection of the Bankruptcy Code. Monthly operating reports are one of those necessities, and Debtor should not be permitted to remain in this case without fulfilling this duty.[13]

So does not timely submitting the annual financial statements required under a confirmed Chapter 12 plan:

> The Debtors have additionally failed to comply with the Plan by their failure to file monthly operating reports and *annual financial statements*. The April 18, 1990 Agreed Order Dismissing Appeal and Remanding and Reinstating Chapter 12 Bankruptcy expressly required the Debtors to file both types of financial reports. As that Agreed Order was *incorporated by reference by the Order of Confirmation*, the Debtors were obligated to file both types of financial reports. Again, it is undisputed that the

---

[11] See José Meléndez-Montero's Statement Under Penalty of Perjury attached as Exhibit 1.

[12] *Id.*

[13] *In re Bradshaw*, 2022 Bankr.Lexis 1424 (Kan.Bankr., May 19, 2022) (Emphasis supplied). See *also In re NRS Properties, LLC*, 643 B.R. 395, 426-427 (Bankr.D. Colo. November 22, 2021); *In re Haffey*, 2015 Bankr.Lexis 1850, *13 (E.D.Ky, June 5, 2015); *In re Weber*, 297 B.R. 567, 572 (Bankr. N.D. Iowa, July 22, 2003); *In re Gribbins*, 242 B.R. 637, 642 (Bank.W.D.Ky. November 24, 1999).

Motion to Dismiss
18-bk-07215 (EAG12)

Debtors never filed either a monthly operating report *or an annual financial statement during the course of their Plan.*[14]

Here, the confirmed Chapter 12 Plan required González-Nieves to timely file all his

monthly operating reports with this Court:

e.     During the bankruptcy Debtor will timely file the monthly operating reports.[15]

Yet, he only submitted 4 of the 43 monthly reports that were due during these last 4

years[16]:

| | | |
|---|---|---|
| 03/26/2019 | [34] (9 pgs; 3 docs) | Operating Report for the period of DECEMBER 2018 . (Attachments: # 1 Exhibit MONTHLY OPERATING REPORT FOR DECEMBER 2018 # 2 List of 20 Largest Creditors LIST OF CREDITORS) filed by HOMEL MERCADO JUSTINIANO on behalf of EMANUEL GONZALEZ NIEVES (MERCADO JUSTINIANO, HOMEL) (Entered: 03/26/2019) |
| 03/26/2019 | [35] (11 pgs; 3 docs) | Operating Report for the period of JANUARY 2019 . (Attachments: # 1 Exhibit MONTHLY OPERATING REPORT FOR JANUARY 2019 # 2 List of 20 Largest Creditors LIST OF CREDITORS) filed by HOMEL MERCADO JUSTINIANO on behalf of EMANUEL GONZALEZ NIEVES (MERCADO JUSTINIANO, HOMEL) (Entered: 03/26/2019) |
| 03/26/2019 | [36] (12 pgs; 3 docs) | Operating Report for the period of FEBRUARY 2019 . (Attachments: # 1 Exhibit MONTHLY OPERATING REPORT FOR FEBRUARY 2019 # 2 List of 20 Largest Creditors LIST OF |

---

[14] *In re Gribbins*, 242 B.R. in 642.

[15] *Id.*, ¶ 11e (Emphasis supplied).

[16] See Dockets 34, 35, 36, and 37.

Motion to Dismiss
18-bk-07215 (EAG12)

| | | |
|---|---|---|
| | | CREDITORS) filed by HOMEL MERCADO JUSTINIANO on behalf of EMANUEL GONZALEZ NIEVES (MERCADO JUSTINIANO, HOMEL) (Entered: 03/26/2019) |
| 04/17/2019 | [37] (14 pgs; 3 docs) | Operating Report for the period of MARCH 2019 . (Attachments: # [1] Exhibit MONTHLY OPRATING REPORT MARCH 2019 # [2] List of 20 Largest Creditors LIST OF CREDITORS) filed by HOMEL MERCADO JUSTINIANO on behalf of EMANUEL GONZALEZ NIEVES (MERCADO JUSTINIANO, HOMEL) (Entered: 04/17/2019) |

González-Nieves was also required to submit his annual financial reports to Popular on March 30th of each subsequent year:

> d. Debtor shall submit the annual financial report to BPPR on the 30th day of March of each year.[17]

Nevertheless, he also neglected to fulfill this reporting duty.

**c. González-Nieves' material breaches with his confirmed plans in all 3 of his serial Chapter 12 cases warrant a 1-year refiling bar**

The Bankruptcy Court's power to sanction serial filers derives from §§ 105(a) and 349(a) of the Bankruptcy Code.[18] It includes barring future filings for reasons and longer periods of time than those specified in § 109(g).[19]

---

[17] Docket 74, ¶11f.

[18] 11 U.S.C.A. §§ 105(a) and 349(a).

[19] *González-Ruiz v. Doral Fin. Corp. (In re González-Ruiz),* 341 B.R. 371 (B.A.P. 1st Cir., May 4, 2006). See also *Casse v. Key Bank Nat'l Assoc. (In re Casse),* 198 F.3d 327 (2d Cir. 1999); *In re Herrera,* 194 B.R. 178 (Bankr. N.D. Ill. 1996); *Colonial Auto Center v. Tomlin (In re Tomlin),* 105 F.3d 933 (4th Cir. 1997); *In re Jones,* 289 B.R. 436 (Bankr. M.D. Ala. 2003); *In re McNichols,* 254 B.R. 422, 436 (Bankr. N.D. Ill. 2000); *In re Spear,* 203 B.R. 349 (Bankr. D. Mass. 1996).

Motion to Dismiss
18-bk-07215 (EAG12)

This case marks González-Nieves *third* serial bankruptcy petition. In all 3 cases, he has materially defaulted with the confirmed plan's provisions: *to wit*, the requisite payments to creditors were not made, while the monthly and annual reporting requirements were not submitted. Indeed, this is the second time that they U.S. Trustee has moved for dismissal in this very same case. These glaring omissions ultimately amount to unreasonable delay that is prejudicial to creditors.

In light of Gonzalez-Nieves consistent material defaults with all 3 of his confirmed Plans, Popular respectfully requests that the captioned case be dismissed with a one-year refiling bar.

## Conclusion

González-Nieves materially defaulted with his payments and reporting obligations under the confirmed Plan. Considering that this is his 3rd serial bankruptcy petition in which he has consistently materially defaulted with the confirmed plans' obligations, his case should be dismissed with a 1-year refiling bar.

## Servicemen's Civil Relief Act of 2003 Certification

Pursuant to Section 201(B)(4) of the Servicemen's Civil Relief Act of 2003, the undersigned hereby declares and certifies that, according to the attached certification provided by the Department of Defense Manpower Data Center, Emanuel González-Nieves is not in active duty or under call to active duty as member of the ARMY, NAVY or AIR FORCES of the United States of America; The National Guard; the Public Health Service; or

Motion to Dismiss
18-bk-07215 (EAG12)

the National Oceanic and Atmospheric Administration.[20]

**Local Federal Bankruptcy Rule 9013-1(c)(2)(d) Notice**: Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed.R.Bank.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allotted herein. The paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**Certificate of service**

On this same date, the undersigned filed a true and exact copy of this motion with the Clerk of the Court using the CM/ECF system, which will send a notification thereof to all its registered participants.

I further certify that, in full compliance with Fed.R.Bank.P. 9014's and 7004(b)'s precepts, as well as local Bankruptcy Rule 4001-1(c), a true and exact copy of this motion and its attachments were also served via regular First Class U.S. Mail postage prepaid to all parties in interest, including: a) Debtor's counsel of record, Mr. Homel, Mercado Justiniano, Esq. 8 Calle Ramírez Silva, Ensanche Martínez, Mayaguez, P.R. 00680; b) Debtor Emanuel González-Nieves, HC-03 Box 15289, Quebradilla, P.R. 00678-9644; c) Mr. José Ramón Carrión Morales, Esq., P.O. Box 9023884, San Juan, P.R. 00902-3884; and d) to all parties in interest listed in the attached mailing matrix included as Exhibit 3.

Respectfully submitted.

---

[20] Exhibit 2.

8

Motion to Dismiss
18-bk-07215 (EAG12)

In Guaynabo, Puerto Rico on this 5th day of August, 2021.

**CORREA ACEVEDO & ABESADA LAW OFFICES, P.S.C.**
Counsel for Banco Popular de Puerto Rico-Special Loans
Centro Internacional de Mercadeo, Torre II
# 90 Carr. 165, Suite 407
Guaynabo, P.R.  00968
Tel. (787) 273-8300; Fax (787) 273-8379

/s/ Sergio Criado
USDC-PR No. 226307
E-Mail: scriado@calopsc.com