# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| In re Emanuel González Nieves | Case No. 18-07215 (EAG12) |
|---|---|
| Debtor | Chapter 12 |

### SECURED CREDITOR BANCO POPULAR DE PUERTO RICO-SPECIAL LOANS' REPLY BRIEF IN FURTHER SUPPORT OF DISMISSING DEBTOR'S THIRD SERIAL VOLUNTARY PETITION WITH A 1-YEAR REFILING BAR

**To the Honorable Edward A. Godoy:**

Comes now secured creditor Banco Popular de Puerto Rico-Special Loans (from hereinafter "Popular") and submits its reply brief in further support of its dispositive motion, in which very respectfully states and prays as follows:

### Preliminary statement

During the last half year, Emanuel González-Nieves has not fulfilled his obligations under the plan. He only tendered Popular $1,200.00 of the $1,600.00 owed for May, 2022's installment payment. No payment, whatsoever, was made during these past 5 months to anyone under the plan. No monthly operating reports have been failed for the last 3 years. And no annual financial report has been furnished to Popular.

As a result of these continuous material defaults with the plan, Popular joined the Trustee's motion to dismiss and also moved for a 1-year refiling bar. After all, under these particular circumstances, the plan provides for the termination of the stipulation reached with Popular and for lifting the automatic stay:

> This agreement shall be terminated by BPPR if Debtor fails to make a payment or the final lump sum. The automatic stay shall be lifted upon failure to make the payment, with no need for BPPR to seek further an order from the Bankruptcy Court.[1]

---

[1] Docket 79, ¶ 13.

Reply…
18-bk-07215 (EAG12)

González-Nieves does not contest any of these material defaults with the plan. Instead, he avers that Popular's dispositive motion does not comply with Federal Rule of Civil[sic] Procedure 9013's[sic] and LBR 9013[sic]'s requirements. And suggests that no refiling bar should be imposed for a fourth voluntary bankruptcy petition.

As Popular's motion duly complies with Bankruptcy Rule 9013's and LBR 9013-1's provisions, and a refiling bar is warranted, González-Nieves' third voluntary petition should be dismissed with a 1-year refiling bar.

### I. González-Nieves did not address, let alone refute, not fulfilling his requisite plan payments for the last <u>6 months</u>, or his failure to submit the required monthly and annual financial reports for the last <u>3 years</u>— hence, these material defaults with the plan stand <u>unopposed</u> and warrant dismissing this third serial case

In his opposition, González-Nieves openly admitted, as he must, to his ongoing 5-month arrears with the Trustee.[2] Still, he did not address, let alone refute, his overdue payments to Popular for the past 5 months. Or his failure to comply with his financial reporting duties during these last 3 years. Consequently, these material defaults with the plan's provisos stand unopposed[3] and warrant dismissal under §1208(c)(6) of the Bankruptcy Code.

---

[2] Docket 134, ¶ 6 ("Regarding this MTD [,] the Debtor is trying to pay the arrears and become current with the Chapter 12 Plan…").

[3] *In re Santiago*, 2016 Bank.Lexis 309, * 3 (Bankr.D.PR, 2016); *In re Morales*, 2015 Bankr.Lexis 1982, * 4 (Bankr.D.PR, 2015); *In re Meléndez*, 2015 Bankr.Lexis 4065, * 3 and * 4 (Bankr. D. PR, 2015).

Reply…
18-bk-07215 (EAG12)

## II. Popular's dispositive motion complies with Bankruptcy Rule 9013's requirements

**a. The Federal Rules of Civil Procedure are inapplicable to a motion to dismiss a bankruptcy petition, and LBR "9013" does not exist**

According to González-Nieves, Popular's motion to dismiss does not comply with Federal Rule of Civil Procedure 9013 and LBR 9013 requirements:

> BPPR's Motion to Dismiss does not comply with Fed.R.*Civ.*[sic]P. 9013[sic] and L.B.R. *9013*[sic] because BPPR in one part said Motion alleges that its position is to "Join the Motion filed by the US Trustee" but the allegations included allege and request a different relief which is not dismissal by itself by a bar to refile against the Debtor which is an extraordinary remedy against a debtor.[4]

This is incorrect. To begin with, the Federal Rules of Bankruptcy Procedure, not their civil counterpart, solely govern all cases under the Bankruptcy Code:

> Rule 1001 makes clear that the Federal Rules of Bankruptcy Procedure apply to cases and procedures under title 11, "whether before the district judges or the bankruptcy judges of the district." … the Federal Rules of Civil Procedure are *only* applicable in bankruptcy cases and proceedings to the extent they are incorporated by reference in the Federal Rules of Bankruptcy Procedure.[5]

Beyond their inapplicability to a motion to dismiss a bankruptcy case, the Federal Civil Rules are comprised of 86 sequentially-numbered rules:

> …The Court further notes that the Federal Rules of Civil Procedure…contain eighty-six (86) rules and do not have a Rule 636(c) as asserted by Plaintiff.[6]

Therefore, no Federal Civil Rule "9013" exists as González-Nieves incorrectly contends.

---

[4] Docket 134, ¶ 14 (Emphasis supplied).

[5] 9 *Collier on Bankruptcy* ¶ 1001.01[2](16th ED., 2022). See also Fed.R.Bankr.P. 1001 ("The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code.').

[6] *Lawrence v. Gwinnett County*, 2012 U.S.Dist.Lexis 192229, *5 (N.D. Ga., January 17, 2012).

Reply…
18-bk-07215 (EAG12)

As to LBR "9013", there is no such local rule. The closest one would be LBR 9013-1, which provides for urgent motions, *ex-parte* motions, and the required response time to be included in initial motions. LBR 9013-1(a) and (b) are inapplicable because Popular did not file an urgent or *ex-parte* motion. And, as González-Nieves acknowledged,[7] Popular's motion to dismiss includes the 30-day language required by LBR 9013-1(c)(2)(D).

In the event that González-Nieves' argument would have been casted under Bankruptcy Rule 9013 instead, then his contention would still remain incorrect.

**b. Popular's motion to dismiss duly complies with Bankruptcy Rules 9013's flexible requirements**

Federal Bankruptcy Rule 9013 requires that court orders be ordinarily requested by written motion, and specify the grounds for the requested remedy:

> A request for an order, except when an application is authorized by the rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought…[8]

These requirements are flexible, as the motion's substance is what is determinant:

> Although the requirements for a motion are *not rigid*, there are certain minimum necessities for a paper to be called a motion.
>
> Rule 9013 requires that a motion must state with particularity the grounds therefor, and the relief or order sought. The particularity requirement is *flexible*, however and non-particularized motions have been allowed where the opposing party *knew* or *had notice* of the particular grounds being relied upon…*reasonable specification* is *all that the requirement of particularity imposes*. In fact, it is the *motion's substance, and not merely its linguistic form, that determines its nature and legal effect*.[9]

---

[7] Docket 134, ¶ 11 ("BPPR's MTD file on August 5, 2022 (Docket No. 130) also provides evidence of the Service Member Relief Act and *has an objection term of 30 days on its own*.")(Emphasis supplied).

[8] Fed.R.Bank.P. 9013. See also 10 *Collier on Bankruptcy* ¶9013.01 (16th ed., 2022); 11 *Norton Bankr. L. & Prac*, 3d Fed.R.Bankr. P. 9013 (July 2022 Update).

[9] 10 *Collier on Bankruptcy* ¶9013.03 (16th Ed., 2022) (*ob cit*) (Emphasis supplied). See also *Pryor v. United States Trustee (In re Pryor)*, 2016 Bankr.Lexis 4020, *16-*17 (BAP 9th, November 18, 2016); 1 *Bankruptcy Litigation* §6:13 (September, 2021 Update); *Bankr.Proc.Manual* §9013:1 (2022 ed.); Steven S. Gensler, *Federal Rules of Civil Procedure: Rules and Commentary*, Vol. 1, p. 137-138 (Thomson Reuters, 2017) ("[t]he particularity requirements should *not*

Reply…
18-bk-07215 (EAG12)

When ruling on requested relief, Courts may consider the docket along with any document that was alluded to in movant's motion:

> …The court is *not* limited to the four corners of the motion itself, but may also consider briefs accompanying the motion or *documents previously filed* and *referenced in the motion*.[10]

Ultimately, Federal Bankruptcy Rule 1001 provides that all bankruptcy rules must be interpreted and applied to secure the just, speedy, and inexpensive determination of all cases and proceedings:

> …These rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding.[11]

After all, the expeditious and economical administration and resolution of cases is the paramount purpose of these rules.[12] Being officers of the court, the parties' counsels are also bound by and charged with following this lofty procedural mandate.[13]

---

be applied in an *overly technical* fashion when the purpose behind the rule is not jeopardized.") (Emphasis supplied).

It bears to mention that Rule 9013 is derived from Fed.R.Civ.P. 7. See Fed.R.Bank.P. 9013 Advisory Committee's Note.

[10] Gensler, *supra*, p. 137-138 (Emphasis supplied). See also *Hinz v., Neuroscience, Inc.*, 538 F.3d 979, 983 (8th Cir. 2008); *Andreas v. Volkswagen of America, Inc.*, 336 F.3d 789, 794 (8th Cir. 2003) (court may consider related documents).

[11] Fed.R.Bank.P. 1001.

[12] *Katchen v. Landy*, 362 U.S. 323, 328 (1966).

[13] Fed.R.Bank.P. 1001 Advisory Committee's Notes to 2017 Amendments. See also 9 *Collier on Bankruptcy* ¶ 1001.01 ("[t]he language added to the rule in 2017, requiring the rules to be administered and employed by the court and the parties to achieve these ends, makes clear that the court, the attorneys and the parties in a case share this responsibility, which depends on the 'cooperative and proportional use of procedure.'").

Reply…
18-bk-07215 (EAG12)

Against this backdrop, Popular infers that González-Nieves may contend that Bankruptcy Rule 9013 precludes joining the Trustee's dispositive motion, while also requesting a 1-year refiling bar.[14] Yet, he failed to cite any legal authority supporting such proposition. This is unsurprising, considering that joining a pending dispositive motion is not only commonplace, but also enables the just, speedy and most cost-effective manner to determine whether this third bankruptcy petition should be dismissed. And this Court may certainly consider the Trustee's motion to dismiss, as requested in Popular's motion.

Actually, Rule 9013 does not bar Popular from joining the Trustee's dispositive motion or to expand the remedy requested therein; it only requires that its motion's contents so specifies. This is exactly what Popular did.

González-Nieves balks that the first paragraphs of Popular's motion supposedly state that it is a mere joinder of the Trustee's motion:

> BPPR's MTD is incongruent with BPPR's actions…because in its title *and initial paragraphs* it proposed *to be a joinder* of the Chapter 12 Trustee[sic] MTD filed on July 21, 2022 (Docket No. 128) with and[sic] objection period of 30 days.[15]

However, the very first paragraph of Popular's motion evinces otherwise:

> Comes now secured Creditor Banco Popular de Puerto Rico-Special Loans (from hereinafter "Popular") and, pursuant to §1208(c)(6) of the Bankruptcy Code, joins the U.S. Trustee's motion to dismiss and *also requests a 1-year refiling bar*…[16]

---

[14] Docket 134, ¶ 14.

[15] *Id.*, ¶ 11 (Emphasis supplied).

[16] Docket 130, p. 1, ¶ 1 (Emphasis supplied).

Reply…
18-bk-07215 (EAG12)

The rest of the motion consistently specifies that Popular is seeking dismissal with a 1-year refiling bar.[17] It even included a Servicemen's Civil Relief Act's certification, as well as LBR 9013-1(c)(2)(D)'s 30-day notice. The substance of this motion appositely comports with Bankruptcy Rule 9013's flexible requirements. So much so, that González-Nieves readily identified the requested 1-year refiling bar:

> …Between page[sic] 5 and 6 of its Motion, BPPR brings up the *granting of a bar to refile against Debtor*…[18]

As all of the foregoing evinces, Popular's motion to dismiss duly complies with Bankruptcy Rule 9013's requirements.

### III. A refiling bar is warranted to protect creditors from the burdens and costs of a potential <u>fourth</u> serial bankruptcy petition

Congress intended for debtors to achieve their restructuring goals in a single bankruptcy case.[19] With this in mind, Courts take into account debtor's conduct in prior bankruptcy cases to craft any prospective relief that may be necessary to protect creditors from being re-exposed to the burdens and costs of additional bankruptcy cases:

> Courts have held that a debtor's *failure to make plan payments* under a confirmed plan gives rise to a presumption of *bad faith in the later case*…
> …
> …courts place a *strong emphasis* on *debtor's conduct in prior cases* and, consequently, *whether the debtor is a serial filer*. See *In re Gibas*, 543 B.R. 570, 597 (Bankr.E.D. Wis. 2016); see also *In re Muhammad*, 536 B.R. at 475 (What debtor has done in the past is usually a good indicator of what she will do in the future…when looking backwards, one has hard data-not just wishes and hopes…").[20]

---

[17] *Id.,* p. 2, ¶¶ a. and 2; p. 3, ¶b.; p. 6, ¶ c.; and p.7, ¶¶ 2 and 3.

[18] Docket 134, ¶ 10. His opposition is rife with references to the requested 1-year bar. See also p. 4, ¶ 10; p. 5, ¶ 15, 16; p..6, ¶ 23; p. 8, ¶ 26; and p. 9, ¶ 3.

[19] *Palastra v. Fitzgerald*, 2022 U.S.Dist.Lexis 61090, *11 (Bankr.E.D. Va., March 30, 2022). See also *Walker v. Stanley*, 231 B.R. 343, 349 (Bankr.N.D. Cal., February 17, 1999).

Reply…
18-bk-07215 (EAG12)

Debtor's failure to timely file a plan or to reveal changes in her/his financial condition is further evidence of this intent.[21] Repeating the same conduct in subsequent cases only strengthens the inference that debtor's conduct was deliberate.[22] Debtor's track-record in bankruptcy is considered to determine whether a refiling bar should be imposed:

> …courts have taken dismissals of bankruptcy cases into consideration to determine whether a new petition should be dismissed with or without prejudice,…[23]

To that end, lack of compliance with the duties imposed by the Bankruptcy Code, by itself, is enough to impose a refiling bar:

> The Defendant's *failure to perform duties* imposed by the Bankruptcy Code constitutes willful behavior *sufficient to impose a 180-day bar* against *refiling* pursuant to 11 U.S.C. §109(g)(1). The court imposed a two-year refiling ban.[24]

Just like any other Chapter of the Bankruptcy Code, Chapter 12 cases are amenable to be dismissed with a refiling bar.[25]

---

[20] *In re Wooten*, 633 B.R. 475 (N.D.Miss., 2021). See also *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 485 (9th Cir. 1989); *In re Dami,* 176 B.R. 6, 10 (Bankr.E.D.Pa, 1994) (A debtor's history of filings and dismissals is probative of bad faith).

[21] *In re Funk*, 1992 U.S.Dist.Lexis 15956, *18 (D.NJ, 1992). See also *In re Walker*, 2020 Bankr.Lexis 890, *25 (Bankr.E.D. Tenn., April 2, 2020) ("[b]ad faith can be demonstrated in a variety of ways, including serial filings with failure to make plan payments.").

[22] *In re Via* , 2020 Bankr.Lexis 536, *10 (Bankr.E.D.Tenn, February 27, 2020)

[23] *Tennant v. Rojas (In re Tennant),* 318 B.R. 860, 867 (BAP 9th Cir., 2004).

[24] *In re Sosa*, 2018 Bankr.Lexis 189, *5-*6 (Bankr.C.Cal., January 6, 2017). See also *Landis v. Velasques*, 2012 Bankr.Lexis 6145, *8-*9 (Bankr.E.D. Cal., December 29, 2012); *Wenegieme v. Macco*, 580 B.R. 17, *21-*22 (E.D.N.Y., 2018); *In re Ward*, 423 B.R. 22, 34 (Bankr.E.D.N.Y. 2010).

[25] *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 339 (2nd Cir., 1999); *Lerch v. Federal Land Bank*, 94 B.R. 998, 1001 (N.D.Ill., 1989).

Reply…
18-bk-07215 (EAG12)

    Throughout his third case, González-Nieves has consistently disregarded his bankruptcy obligations. He failed to timely propose his Chapter 12 plan.[26] Has not filed the monthly operating reports required by B.R. 2015(b)[27] for the last 3 years. Nor complied with his payment obligations for almost half a year. And has not maintained this Court or parties-in-interest appraised of the changes in his financial condition—even though this is the third time that a motion to dismiss has been filed in this particular case. These are not isolated incidents; his 2 previous bankruptcies were also dismissed under similar circumstances.

    González-Nieves counters that dismissal on grounds of bad faith filing is difficult to establish.[28] But Popular's motion is actually predicated upon debtor's material defaults with the confirmed plan's terms. Not to mention that the stipulation agreement incorporated into the plan terminated by its own terms—which also resulted in lifting the automatic stay; this renders the confirmed plan patently unviable. As such, holding Popular's dispositive motion in abeyance at this juncture, as González-Nieves now requests,[29] will yield no useful result. It will only serve to needlessly continue to prolong these lengthy proceedings.

---

[26] Docket 29.

[27] Jeffrey D. Goetz and Mark S. Melickian, *Chapter 12 From A to Z: A Guide to Bankruptcies of Family Farmers and Family Fishermen,* 76 (American Bankruptcy Institute, 2021).

[28] Docket 134, ¶ 25.

[29] To this date, González-Nieves has not submitted any verifiable information of his alleged grant. Indeed, no executed copy thereof has been furnished for parties-in-interest's review. The governing terms and conditions remain undisclosed. The specific disbursement date has not been revealed. Albeit he acknowledges that the purported grant moneys cannot be used to pay for his 5 months-worth of arrears, González-Nieves has inexplicably failed to specify, let alone evince, the source of funds that he claims will be used to cover them.

Reply…
18-bk-07215 (EAG12)

At bottom, the refiling bar is not the basis upon which Popular anchors its dispositive motion. It is merely the requested relief to avoid the burden and costs of a foreseeable fourth bankruptcy petition. Accordingly, González-Nieves' third serial bankruptcy petition should be dismissed with a 1-year refiling bar.

### IV. Conclusion and prayer for relief

Wherefore, considering that this is González-Nieves third serial bankruptcy petition in which he, once again, has materially defaulted on his plan and bankruptcy obligations, Banco Popular de Puerto Rico respectfully requests that this case be dismissed with a 1-year refiling bar.

### Certificate of service

On this same day, the undersigned filed a true and exact copy of this motion with the Clerk of the Court using the CM/ECF system, which will send a notification thereof to all its registered participants.

Respectfully submitted.

In Guaynabo, Puerto Rico on this 6th day of September, 2022.

**CORREA ACEVEDO & ABESADA LAW OFFICES, P.S.C.**
Counsel for Banco Popular de Puerto Rico-Special Loans
Centro Internacional de Mercadeo, Torre II
# 90 Carr. 165, Suite 407
Guaynabo, P.R. 00968
Tel. (787) 273-8300; Fax (787) 273-8379

/s/ Sergio Criado
USDC-PR No. 226307
E-Mail: scriado@calopsc.com