**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re Emanuel González Nieves | Case No. 18-07215 (EAG12) |
| Debtor | Chapter 12 |

### SECURED CREDITOR BANCO POPULAR DE PUERTO RICO-SPECIAL LOANS' MOTION FOR ENTRY OF DISMISSAL ORDER WITH A 1-YEAR REFILING BAR

To the Honorable Edward A. Godoy:

Comes now Banco Popular de Puerto Rico ("Popular"), by and through its undersigned counsel, and moves for entry of the dismissal order with a 1-year refiling bar. In support thereof, Popular respectfully states and prays as follows:

**Debtor's admission that dismissal is <u>inevitable</u> warrants entering the dismissal order with a 1-year refiling bar**

Popular moved to dismiss Emmanuel González-Nieves' third serial bankruptcy petition. Ultimately, Debtor openly conceded that dismissal was not only proper, but inevitable:

8. At this juncture the *Dismissal* of this case is *inevitable*…[1]

Yet, González-Nieves failed to address, much less refute, Popular's cited legal authorities supporting dismissal with a 1-year refiling bar. Still, it must be underscored that this would mark the *third* consecutive time that his bankruptcy case is dismissed for not making the requisite plan payments. So much so, that the Trustee moved, twice, in this very same case, for dismissal for lack of payment. González-Nieves also neglected to duly comply with his debtor-in-possession duties, such as timely proposing the Chapter

---

[1] Docket 147, p. 2, ¶ 8 (Emphasis supplied).

12 plan within 90 days; timely filing his monthly operating reports; making timely plan payments (he is beyond half a year in arrears); and keeping the Court and parties-in-interest abreast of his updated financial information. He even defaulted on several salient provisions of the Stipulation Agreement reached with Popular.

Considering that his 2 previous bankruptcies were also dismissed under similar circumstances, Popular respectfully submits that the refiling bar is indispensable to protect creditors from a potential *fourth* bankruptcy case—which would amount to an abuse of the bankruptcy process.

Respectfully submitted**.**

## Notice

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

## Certificate of Service

The undersigned hereby certifies that, on this same date, a true and exact copy of this motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send a notification thereof to the attorneys and parties registered therewith.

Motion for Entry of Dismissal Order
18-bk-07215 (EAG)

In Guaynabo, Puerto Rico, this 13th day of October, 2022.

**CORREA ACEVEDO & ABESADA LAW OFFICE, P.S.C.**
Counsel for Banco Popular de Puerto Rico
Centro Internacional de Mercadeo, Torre II
# 90 Carr. 165, Suite 407
Guaynabo, P.R. 00968
Tel. (787) 273-8300; Fax (787) 273-8379

/s/Sergio Criado
USDC-PR No. 226307
E-Mail: scriado@calopsc.com